In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-22-00067-CV
_____

## IN THE INTEREST OF G.S.G. AND Z.M.G.

### On Appeal from the County Court at Law
### Orange County, Texas
### Trial Cause No. C200744-D

## MEMORANDUM OPINION

Following a bench trial, the trial court terminated Mother's and Father's parent-child relationships with their children, nine-year-old G.S.G. (*Gina*) and six-year-old Z.M.G. (*Zelda*).[1] As to Mother, the trial court found by clear and convincing evidence that Mother:

(1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the physical or emotional well-being of the children, pursuant to § 161.001(b)(1)(D), Texas Family Code;

---

[1]To protect the identities of Mother, Father, and their children, we use pseudonyms in the opinion in place of names. *See* Tex. R. App. P. 9.8(a), (b).

1

(2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children, pursuant to § 161.001(b)(1)(E), Texas Family Code;

(3) constructively abandoned the children, who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months along with the additional findings required in section 161.001(b)(1)(N) of the Texas Family Code;

(4) failed to comply with the provisions of a court order establishing the actions Mother had to follow to have her children returned after they were placed with the Department of Family and Protective Services for not less than nine months following their removal for abuse or neglect, pursuant to § 161.00(b)(1)(O), Texas Family Code; and

(5) used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and then failed to complete a court-ordered substance abuse treatment program or complete a court-ordered substance abuse treatment program and continued to abuse a controlled substance in a manner that endangered the health or safety of her children.[2]

As to Father, the trial court found that Father filed "an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code[.]" Finally, the trial court found that terminating Mother's and Father's parent-child relationships with Gina and Zelda is in their best interest. After the trial court signed the order terminating Mother's and Father's parental rights, Mother appealed. Father, however, did not.

---

[2] *See* Tex. Fam. Code. Ann. § 161.001(b)(1)(D), (E), (N), (O), (P).

On appeal, Mother's court-appointed attorney filed a brief. The brief provides the Court with a professional evaluation of the record. According to Mother's brief, no arguable grounds exist to support Mother's appeal.[3] Mother's attorney certified that he sent Mother a copy of the brief. Upon receiving the attorney's brief, the Clerk of the Ninth Court of Appeals notified Mother she had until May 20, 2022, to file a pro se response to the brief with the Court. But the appellate record shows that Mother failed to respond.

We have independently reviewed the record. Based on our review, we find Mother's appeal to be frivolous. Accordingly, we need not appoint another attorney to re-brief the appeal.[4]

For the above reasons, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 15, 2022
Opinion Delivered July 14, 2022

Before Golemon, C.J., Kreger and Horton, JJ.

_____

[3] *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.).
[4] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).